UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAUREEN TAYLOR,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>METROPOLITAN DEVELOPMENT COUNCIL,<br><br>　　　　　　Defendant. | Case No. C22-5509-JCC-SKV<br><br>ORDER RE: DEFENDANT'S MOTION FOR RELIEF FROM DEADLINES |

INTRODUCTION

Defendant Metropolitan Development Council (MDC) filed a Motion for Relief from Order, Dkt. 10, in this removed civil matter. MDC seeks to hold in abeyance, until the Court rules on MDC's pending motion to dismiss, the deadlines set forth in the Court's Order Regarding Initial Disclosures, Joint Status Report, Case Procedures and Early Settlement. *See* Dkts. 6, 9-10. Plaintiff Maureen Taylor opposes the motion. Dkt. 11. The Court, having considered the briefing and all relevant portions of the record, herein GRANTS in part and DENIES in part the motion for relief.

BACKGROUND AND DISCUSSION

By Order dated July 19, 2022, the Court set the following initial deadlines in this matter: (1) August 9, 2022 for the Federal Rule of Civil Procedure 26(f) conference; (2) August 23, 2022

1   for Rule 26(a)(1) initial disclosures; and (3) August 30, 2022 for the filing of a joint status report.

2   Dkt. 6.  On July 25, 2022, MDC filed a motion to dismiss pursuant to Rule 12(b)(6) and § 301 of

3   the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a).  Dkt. 9.  MDC argues

4   Plaintiff's claims should be dismissed due to § 301 preemption, statutes of limitation, and issues

5   brought that are subject to handling under a Collective Bargaining Agreement.  *See id*.

6        On August 8, 2022, MDC filed the motion currently under consideration, requesting that

7   the Court hold the initial deadlines set in this case in abeyance pending resolution of its motion

8   to dismiss.  Dkt. 10.  MDC observed that the deadlines would come due before the Court had the

9   opportunity to rule on the motion to dismiss and that the time and expense necessary to meet the

10  deadlines could be avoided entirely if this case were dismissed for pre-emption.  It asserted that,

11  by historical practice, these deadlines have required between ten-to-twenty hours of work for

12  defense counsel in similar cases, at a cost of $2,500 to $5,000 in fees.

13       In opposing both the motion to dismiss and the request for relief, Plaintiff denies her

14  claims are subject to dismissal and asserts the requested delay for the initial deadlines would be

15  prejudicial to the extent the Rule 26(a)(1) disclosures could reveal evidence relevant to the

16  motion to dismiss.  Dkt. 11.  MDC, in reply, observes that none of the events at issue in the

17  initial deadlines require the production of evidence and that Plaintiff has, in any event, already

18  responded to the motion to dismiss.  Dkt. 12.  MDC also notes multiple possible outcomes for its

19  motion to dismiss, including resolution of this case in full, dismissal of some claims, or a partial

20  remand of some claims to state court, and asserts that any one of those outcomes would change

21  the nature or scope of, or even the need for, initial disclosures.

22       The Court may extend deadlines for good cause.  Fed. R. Civ. P. 6(b).  However, a

23  pending dispositive motion is not, as a general matter, good cause for extending court deadlines.

ORDER RE: DEFENDANT'S MOTION FOR
RELIEF FROM DEADLINES - 2

*See Edmonds v. Amazon.com, Inc.*, No. C19-1613-JLR, 2020 WL 8996835, at *2 (W.D. Wash. Mar. 6, 2020) (treating a motion to stay initial case deadlines as seeking, in effect, to stay the entire case and observing that a "pending motion to dismiss is generally not grounds for staying discovery.")  Indeed, if that were the case, the Federal Rules "'would contain a provision to that effect.'" *Id.* (citing *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).  Nor is good cause shown through mere speculation that a motion to dismiss will resolve a case.  *Id.* (citations omitted).

The Court does not find the existence of the pending motion to dismiss or the speculation as to MDC's possible success with that motion to serve as good cause for extending the initial case deadlines.  Also, while arguing relief from the initial deadlines would save expenses, MDC has now incurred, and caused Plaintiff to incur, additional fees in connection with its motion for relief.  *White v. Skagit Bonded Collectors, LLC*, No. C21-0697-LK, 2022 WL 508825, at *2 (W.D. Wash. Jan. 24, 2022).

MDC did not, moreover, timely move for the relief sought.  "A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline."  Local Civil Rule (LCR) 7(j).  "Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise."  *Id*.  Here, MDC waited two weeks after filing its motion to dismiss to seek relief from the initial case deadlines.  It filed the motion for relief only one day before the Rule 26(f) conference deadline and noted the motion for August 19, 2022, leaving only a few days before the August 23, 2022 deadline for Rule 26(a)(1) initial disclosures and, as of the date of this Order, one week before the deadline for filing a joint status report.  MDC offers no

explanation for its delay in seeking relief and no indication as to whether it has or will meet its existing deadlines.

The Court, for the reasons set forth above, does not find good cause for extending either the now expired Rule 26(f) conference deadline or the Rule 26(a)(1) deadline for initial disclosures. The parties are expected to comply with or promptly remedy any failure to meet those deadlines. The Court does, on the other hand, find appropriate a delay in the filing of a joint status report. Plaintiff does not raise a specific objection in relation to that deadline and the parties may require additional time to submit the report given the possibility they have yet to satisfy their obligations in relation to the earlier deadlines. The deadline for filing a joint status report will, therefore, be held in abeyance pending a ruling on the motion to dismiss.

## CONCLUSION

The Court, in sum, GRANTS in part and DENIES in part MDC's Motion for Relief from Order. Dkt. 10. The parties are not relieved from their obligations in relation to a Rule 26(f) conference or Rule 26(a)(1) initial disclosures. They must comply with or promptly remedy any failure to meet those deadlines. The Court will, however, hold in abeyance the deadline for filing a joint status report and will, as needed, reset that deadline following consideration of the motion to dismiss. The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 24th day of August, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER RE: DEFENDANT'S MOTION FOR
RELIEF FROM DEADLINES - 4