THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAUREEN TAYLOR, <br><br> Plaintiff, <br><br> v. <br><br> METROPOLITAN DEVELOPMENT COUNCIL, <br><br> Defendant. | CASE NO. C22-5509-JCC-SKV <br><br> ORDER |

This matter comes before the Court on Defendant's objections (Dkt. No. 16) to the Report and Recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby OVERRULES Defendant's objections, ADOPTS the R&R, and DENIES Defendant's motion to dismiss (Dkt. No. 9) for the reasons explained herein.

I.   BACKGROUND

According to the Complaint, Plaintiff Maureen Taylor worked as a chemical dependency nurse for Defendant Metropolitan Development Counsel ("MDC") from 2017 to 2020. (Dkt. No. 1-2 at 2.) Plaintiff and Defendant had a Collective Bargaining Agreement ("CBA") negotiated by OPEIU Union Local 8 AFL-CIO (hereafter, "the Union.") (*Id*. at 3.) Plaintiff alleges Defendant bullied, harassed, and unlawfully terminated her. (*Id*. at 3–4.) In February 2020, the Union filed

Unfair Labor Practice upon MDC for violating the CBA. (*Id*. at 4.) On May 20, 2022, Plaintiff filed a complaint in Pierce County Superior Court alleging three causes of action: (1) breach of the CBA; (2) wrongful termination in violation of public policy; and (3) unlawful retaliation. (*Id*. at 5–7.) Defendant removed the action on July 14, 2022. (*See* Dkt. No. 1.)

Shortly thereafter, Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing (1) Plaintiff failed to state a claim under the Labor Management Relations Act ("LMRA"); (2) Plaintiff's claims are time-barred by the six-month statute of limitations period in the National Labor Relations Act ("NLRA"); and (3) Plaintiff's claims are preempted. (Dkt. No. 9 at 1–2.) Plaintiff opposed. (Dkt. No. 11.) The Honorable S. Kate Vaughan, United States Magistrate Judge, recommended the Court deny the motion, (Dkt. No. 15), to which Defendant timely objects. (Dkt. No. 16.)

## II.  DISCUSSION

District courts review *de novo* those portions of a R&R to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the court's attention is not focused on any specific issues for review. *See Simpson v. Lear Astronics Corp*, 77 F.3d 1170, 1175 (9th Cir. 1996); *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When reviewing a Rule 12(b)(6) motion, the Court accepts factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of the nonmovant. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Id.*

Defendant seeks to dismiss the Complaint for failure to state a viable claim under 29 U.S.C. § 301 of the LMRA, which requires employees—alleging breach of a CBA—to either (1) include their Union as a party; or (2) allege that that the Union breached their duty of fair representation. (Dkt. No. 9 at 3–6.) Judge Vaughan assessed the merits of Defendant's argument on these points in length in her R&R. (Dkt. No. 15 at 4–10.)

Casting aside Defendant's general objections and summaries of arguments previously presented, Defendant claims Judge Vaughan improperly examined evidence outside the scope of the pleadings. (*See* Dkt. No. 16 at 2–5.) Judge Vaughn did indeed look at the response pleadings as a source of clarification regarding Plaintiff's claim and the scope of administrative remedies available. However, her conclusion relied on "accept[ing] the allegation[s] in the Complaint as true and draw[ing] all inferences in the light most favorable to the non-moving party." (*Id.* at 10.) This is the proper legal standard and application. Therefore, Defendant's objection regarding the LMRA claim is OVERRULED. And because the statute of limitations objection dovetails with the LMRA findings, it is also OVERULED.

Defendant also seeks to dismiss Plaintiff's state law claims on the grounds that they necessarily implicate the CBA and are therefore preempted. (*Id.* at 8.) However, Defendant does not provide the Court with any objection, specific or general, to Judge Vaughan's ruling on this matter. Rather, Defendant merely restates and summarizes the argument previously made. (*Id.*) Accordingly, the Court OVERRULES this objection.

## III.   CONCLUSION

For the foregoing reasons, the Court OVERRULES Defendant's objections, (Dkt. No. 16), ADOPTS Judge Vaughan's R&R, (Dkt. No. 15), and DENIES Defendant's motion to dismiss (Dkt. No. 9).

//

DATED this 1st day of November 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE