UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAUREEN TAYLOR,

    Plaintiff,

v.

METROPOLITAN DEVELOPMENT COUNCIL,

    Defendant.

Case No. C22-5509-JCC-SKV

ORDER RE: MOTION TO AMEND

INTRODUCTION

Plaintiff Maureen Taylor filed a Motion to Amend. Dkt. 37. Defendant Metropolitan Development Council (MDC) opposes the motion. Dkt. 38. The Court, having considered the motion, response, and relevant record, herein DENIES the Motion to Amend, Dkt. 37, based on futility.

BACKGROUND

On May 20, 2022, Plaintiff filed a Complaint in Pierce County Superior Court associated with her former employment as a chemical dependency nurse for MDC. Dkt. 1-2. Plaintiff alleged that, in mid-2019, she made internal reports of missing controlled substances and over- and under-medicating of patients due to improper transcription of orders; that MDC subsequently placed her on unpaid leave and, in February 2020, terminated her employment; that she filed a

ORDER RE: MOTION TO AMEND - 1

1  grievance over the termination; and that she eventually reported the missing controlled

2  substances and medication issues to the Washington Department of Health (DOH).  *Id*., ¶¶3.5-

3  3.10.  She brought claims for breach of employment agreement, wrongful termination in

4  violation of public policy, and retaliation.  *Id*., ¶¶4.1-4.9.

5       MDC removed the matter to this Court and filed a motion to dismiss.  Dkts. 1 & 9.  The

6  Court denied the motion to dismiss and entered a scheduling order and stipulated amended

7  scheduling order.  Dkts. 18, 22 & 34.  The parties commenced discovery and, on the deadline for

8  amended pleadings, Plaintiff filed the motion now under consideration.  Dkt. 37.

9  <u>DISCUSSION</u>

10       Plaintiff moves for leave to amend pursuant to Federal Rule of Civil Procedure 15.  She

11  seeks to add four claims:  (1) violation of RCW 49.60, Washington's Law Against

12  Discrimination (WLAD); (2) violation of RCW 43.70 for retaliation against health care

13  whistleblower; (3) violation of RCW 18.51, retaliation against employee reporting misconduct of

14  community-based care; and (4) violation of 42 U.S.C. § 1981 through discrimination and

15  retaliation in workplace against whistleblowers.  *See* Dkt. 37-1.

16       Under Rule 15, the Court "should freely give leave [to amend a pleading] when justice so

17  requires."  Fed. R. Civ. P. 15(a).  Granting leave to amend serves the purpose of Rule 15 to

18  "'facilitate decision on the merits, rather than on the pleadings or technicalities[,]'"  *Novak v.*

19  *United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoted source omitted), and the Rule's

20  policy of favoring amendments "should be applied with extreme liberality[,]" *DCD Programs,*

21  *Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (cleaned up and citations omitted).

22       The decision to grant or deny a motion for leave to amend rests in the sound discretion of

23  the Court.  *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386,

ORDER RE:  MOTION TO AMEND - 2

1390 (9th Cir. 1985). Leave to amend may be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts may also consider whether a party previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

MDC argues that leave to amend should be denied based on futility. In considering futility, leave to amend may be denied where a proposed amended pleading "'either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit.'" *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1144 (9th Cir. 2015) (quoted source omitted). *See also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (the general rule allowing amendment of pleadings "does not extend to cases in which any amendment would be an exercise in futility, . . . or where the amended complaint would also be subject to dismissal[.]") (citations omitted). "'Futility alone can justify the denial of a motion to amend.'" *Johnson v. Buckley*, 356 F.3d 1067 (9th Cir. 2004) (quoted source omitted). However, leave to amend should only be denied as futile when no set of facts can be proven under the amended pleading that would constitute a valid claim. *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018). In this case, the Court agrees that the motion to amend is properly denied as futile.[1]

///

///

---

[1] MDC also observes that the proposed amended pleading does not allege any new facts and simply proposes new theories of liability that could have been alleged when the Complaint was first filed. *Compare* Dkt. 1-2, *with* Dkt. 37-1. It argues that this provides an additional basis for denying leave to amend. *Vincent v. Trend W. Tech. Corp.*, 828 F.2d 563, 570-71 (9th Cir. 1987) (court does not abuse discretion in denying motion for leave to amend where plaintiff offers "only a new theory and 'no satisfactory explanation for his failure to fully develop his contentions originally.'") (quoting *Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982)). The Court, as discussed herein, finds futility alone a sufficient basis for denying leave to amend.

ORDER RE: MOTION TO AMEND - 3

A.     RCW 49.60

Plaintiff seeks to allege a violation of RCW 49.60.210, the WLAD provision prohibiting retaliation against a whistleblower.  In explaining the basis for this claim, Plaintiff asserts that she reported, both internally to her supervisors and externally to the DOH, the under- and over-medicating of patients, and deems this an "'unfair practice' under RCW 49.60.222 2(b) wherein her termination violated RCW 49.60.210." Dkt. 37 at 4; Dkt. 37-1, ¶¶4.12-4.13; Dkt. 43 at 2.

Pursuant to RCW 49.60.210, it is an unfair practice for an employer to discharge or otherwise discriminate against a person "because he or she has opposed any practices forbidden by this chapter, or because he or she has filed a charge, testified, or assisted in any proceeding under this chapter." RCW 49.60.210(1) (emphasis added).  The practices forbidden under the WLAD include termination or other discrimination based on age, sex, marital status, sexual orientation, race, creed, color, national origin, citizenship or immigration status, honorably discharged veteran or military status, the presence of a disability or the use of a service animal by a person with a disability.  RCW 49.60.180.  To establish a violation of RCW 49.60.210, an employee must make a prima facie case that (1) she engaged in statutorily protected opposition activity; (2) she was discharged or suffered some other adverse employment action; and (3) there is a causal connection between the opposition and the discharge.  *Allison v. Housing Auth.*, 59 Wn. App. 624, 626-27, 799 P.2d 1195 (1990), *aff'd*, 118 Wn.2d 79, 821 P.2d 34 (1991).

Here, in alleging she engaged in statutorily protected opposition activity, Plaintiff cites to "RCW 49.60.222 2(b)."  However, that provision addresses "[u]nfair practices with respect to *real estate transactions, facilities, or services*[,]" RCW 49.60.222 (emphasis added), and is not applicable to the facts alleged, *see* RCW 49.60.222(2)(b) (defining discrimination based on the presence of any sensory, mental, or physical disability or the use of a trained dog guide or

ORDER RE:  MOTION TO AMEND - 4

service animal by a person who is blind, deaf, or physically disabled to include the refusal "to make reasonable accommodation in rules, policies, practices, or services when such accommodations may be necessary to afford a person with the presence of any sensory, mental, or physical disability and/or the use of a trained dog guide or service animal by a person who is blind, deaf, or physically disabled equal opportunity *to use and enjoy a dwelling*") (emphasis added).

Nor does Plaintiff otherwise identify opposition activity protected under the WLAD. She does not, for example, allege she was terminated after reporting that MDC engaged in disability discrimination. Plaintiff, instead, alleges she was terminated after she reported MDC's failure to comply with medication and other health-related protocols. That activity does not fall within the scope of the WLAD. *See* RCW 49.60.180. As such, the proposed claim lacks merit and its inclusion in an amended pleading would be futile. *Cf. Graves v. Dep't of Game*, 76 Wn. App. 705, 712, 887 P.2d 424 (1994) (granting summary judgment on claim of retaliatory discharge under RCW 49.60.210 where claim did not suggest complaints of discrimination on the basis of sex and therefore did not identify protected opposition activities).

B.  RCW 43.70

Plaintiff also seeks to allege that the termination of her employment violated RCW 43.70, the Washington Health Care Act (WHCA).[2] Plaintiff asserts that she is a "whistleblower" under RCW 43.70.075, which, by definition, includes an employee or health care professional "who in good faith reports alleged quality of care concerns to the [DOH] or initiates, participates, or cooperates in any investigation or administrative proceeding under this section." RCW

---

[2] Although Plaintiff cites to both RCW 49.70, the Worker and Community Right to Know Act, and RCW 43.70, the WHCA, it is apparent she seeks to bring a claim under RCW 43.70. *See* Dkt. 37 at 4; Dkt. 37-1, ¶4.14; Dkt. 43 at 4.

ORDER RE:  MOTION TO AMEND - 5

43.70.075(3)(d).  She asserts that MDC's employment actions, including her termination, violated the WHCA.  *See* RCW 43.70.075(3)(c) (defining "[r]eprisals or retaliatory actions" under the statute as including, but not limited to, *inter alia*, "reduction in pay; denial of promotion; suspension; dismissal; denial of employment; a supervisor or superior encouraging coworkers to behave in a hostile manner toward the whistleblower; and the revocation, suspension, or reduction of medical staff membership or privileges without following a medical staff sanction process").

In arguing futility, MDC notes that, in her deposition, Plaintiff acknowledged she first made a complaint to the DOH on March 9, 2020, Dkt. 39, Ex. A at 128:17-25, 130:9-12, *after* her February 2020 termination, Dkt. 1-2, ¶3.8 & Dkt. 37-1, ¶4.8.  *See also* Dkt. 39, Ex. D (termination letter dated February 21, 2020).  MDC argues that Plaintiff is thus not a whistleblower under RCW 43.70.  *See* RCW 43.70.075(1)(a) (providing that the identity of a whistleblower must remain confidential if whistleblower complains in good faith to the DOH about improper quality of care by health care provider or facility, initiates in good faith any investigation or administrative proceeding about a complaint of improper quality of care made to the department, or submits a notification or report of an adverse event or incident to the DOH).

In her reply, Plaintiff does not deny she made her report to the DOH after her termination.  She also appears to acknowledge this fact in both her original and proposed pleadings.  *See* Dkt. 1-2, ¶3.10 (alleging she filed a grievance over the termination and "eventually" made reports to the DOH); Dkt. 37-1, ¶¶3.9-3.10 (same).  Plaintiff, at best, responds that MDC's handbook qualifies her as a per se whistleblower based on her internal reporting.  *See* Dkt. 43, Ex. A.

ORDER RE:  MOTION TO AMEND - 6

Under the WHCA, "[a]n employee who is a whistleblower, as defined in this section, and *who as a result of being a whistleblower has been subjected to workplace reprisal or retaliatory action* has the remedies provided under chapter 49.60 RCW." RCW 43.70.075(1)(c) (emphasis added). As noted above, a whistleblower is defined as including an employee or health care professional who in good faith "reports alleged quality of care concerns to the [DOH] or initiates, participates, or cooperates in any investigation or administrative proceeding under this section." RCW 43.70.075(3)(d).

Plaintiff does not and it appears cannot set forth any facts supporting a claim that she was terminated as a result of her DOH complaint. Nor does she identify, or the Court find, any basis for concluding that the WHCA provides for a claim of retaliation resulting from an internal employee complaint. *See Worley v. Providence Physician Servs. Co.*, 175 Wn. App. 566, 573-75, 307 P.3d 759 (2013) (addressing the WHCA in relation to a claim of wrongful discharge in violation of public policy and finding that, because plaintiff did not file a complaint with the DOH, she "failed to avail herself of the RCW 43.70.075 protections."; rejecting the contention that "internal reporting should be adequate" as insufficient to satisfy a violation of public policy). Because Plaintiff made her DOH report after her termination, she was not subjected to workplace reprisal or retaliatory action "as a result of being a whistleblower" as that term is defined in the WHCA.

In addition, and as MDC observes, the WHCA contains a built-in two-year statute of limitations for filing a civil action. RCW 43.70.075(2) ("A civil action under this section may not be brought more than two years after the date when the retaliation occurred.") Therefore, even if Plaintiff did meet the definition of a WHCA whistleblower, her Complaint, filed on May 2, 2022 and challenging her February 2020 termination, is precluded by the applicable statute of

ORDER RE: MOTION TO AMEND - 7

limitations.  Plaintiff asserts that MDC's retaliation is "continuous" because, even after her report, she has not been reinstated.  However, because Plaintiff fails to meet the definition of a WHCA whistleblower in the first instance, any attempt to assert a WHCA claim would be futile.

C. <u>RCW 18.51</u>

Plaintiff additionally seeks to assert a claim under RCW 18.51, alleging retaliation against an employee reporting misconduct of community-based care.  Specifically, Plaintiff asserts that, pursuant to RCW 18.51.010(1), MDC provides community-based care through its employees providing personal care services to people suffering mental issues, and that, pursuant to RCW 18.51.220(1), MDC was prohibited from any retaliation or discrimination "in any manner against a patient or employee in its nursing home on the basis or for the reason that such patient or employee or any other person has initiated or participated in any proceeding specified in this chapter."  Dkt. 37 at 5; Dkt. 37-1, ¶¶4.16-4.17.  She alleges MDC "committed a *per se* violation of RCW 18.51.010(1)."  Dkt. 37-1, ¶4.18.

RCW 18.51 governs state regulation of nursing homes.  RCW 18.51.005 ("The purpose of this chapter is to provide for the development, establishment, and enforcement of standards for the maintenance and operation of nursing homes . . . .  An important secondary purpose is the improvement of nursing home practices by educational methods so that such practices eventually exceed the minimum requirements of the basic law and its original standards.")  *Accord Donohoe v. State*, 135 Wn. App. 824, 846, 142 P.3d 654 (2006).  MDC denies it is a nursing home governed under RCW 18.51, and explains and provides support for its contention that it is licensed to do business as a Behavioral Health Agency and a Residential Treatment Facility, both of which are governed under RCW 71.12.  Dkt. 39, ¶7 & Ex. F.

Plaintiff does not contend that MDC is licensed or operates as a nursing home, and does not dispute MDC's characterization of itself or the applicability of RCW 71.12. Plaintiff argues that, because a nursing home "may also include community-based care," RCW 18.51.010(3), she may pursue a claim against MDC pursuant to RCW 18.51. Dkt. 43 at 4 (arguing MDC presents a "strawman's argument" because the definition of a nursing home includes the provision of community-based care) (citing RCW 18.51.010).

The protection against retaliation under RCW 18.51 applies to an employee of a licensed nursing home. RCW 18.51.220(1) ("No licensee shall discriminate or retaliate in any manner against a patient or employee in its nursing home on the basis or for the reason that such patient or employee or any other person has initiated or participated in any proceeding specified in this chapter.") The fact that a nursing home may include community-based care does not mean that any entity providing such care is a nursing home.[3] Nor is there any basis for alleging a violation of RCW 18.51.010(1), a provision that merely defines community-based care. RCW 18.51.010(1) ("'Community-based care' means but is not limited to the following: "(a) Home delivered nursing services; (b) Personal care; (c) Day care; (d) Nutritional services, both in-home and in a communal dining setting; (e) Habilitation care; and (f) Respite care."). Because Plaintiff does not allege or set forth any facts supporting an allegation that she was an employee of a nursing home, a claim of retaliation under RCW 18.51 would be futile.

---

[3] Plaintiff does not address any other aspect of the definition of a nursing home. *See* RCW 18.51.010(3) ("'Nursing home' means any home, place or institution which operates or maintains facilities providing convalescent or chronic care, or both, for a period in excess of twenty-four consecutive hours for three or more patients not related by blood or marriage to the operator, who by reason of illness or infirmity, are unable properly to care for themselves. Convalescent and chronic care may include but not be limited to any or all procedures commonly employed in waiting on the sick, such as administration of medicines, preparation of special diets, giving of bedside nursing care, application of dressings and bandages, and carrying out of treatment prescribed by a duly licensed practitioner of the healing arts. It may also include care of mentally incompetent persons. *It may also include community-based care. . . .*) (emphasis added)

ORDER RE: MOTION TO AMEND - 9

D.     42 U.S.C. § 1981

Plaintiff, finally, seeks to amend her Complaint with an allegation under 42 U.S.C. § 1981.  She asserts her entitlement to pursue a retaliation claim under § 1981 because retaliation is a form of discrimination, and because § 1981 prohibits retaliation in both public and private employment.  Dkt. 37-1, ¶4.19 (citing *Gomez-Perez v. Potter*, 553 U.S. 474 (2008), and *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 625 (9th Cir. 1988)).  She alleges MDC is liable for punitive damages under § 1981 due to its "reckless disregard of her reporting of unsafe conditions for patients, including possible spoilation of evidence." *Id.*, ¶4.20.

As suggested by MDC, there appear to be several problems with the proposed § 1981 claim.  The Court, however, need only address a fundamental deficiency.  That is, to prevail on a § 1981 claim, "a plaintiff must initially plead and ultimately prove that, *but for race*, [plaintiff] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. ___, 140 S.Ct. 1009, 1019 (2020) (emphasis added).  *Accord Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (in a § 1981 action, a plaintiff must show intentional discrimination on account of race).  *See also Saint Francis College v. Al–Khazraji*, 481 U.S. 604, 609 (1987) ("Although § 1981 does not itself use the word 'race,' the Court has construed the section to forbid all 'racial' discrimination in the making of private as well as public contracts.").  Because Plaintiff does not allege or identify facts supporting an allegation of retaliation or other discrimination associated with her race, *see* Dkts. 1-2 & 37-1, a claim under § 1981 would be futile.

## CONCLUSION

The Court, in sum, finds the proposed amendment of the Complaint would be futile.  The futility alone serves to justify denial of the motion to amend.  Plaintiff's Motion to Amend, Dkt.

ORDER RE:  MOTION TO AMEND - 10

37, is therefore DENIED.  The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 16th day of October, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

ORDER RE:  MOTION TO AMEND - 11