THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAUREEN TAYLOR,

                    Plaintiff,

        v.

METROPOLITAN DEVELOPMENT
COUNCIL,

                    Defendant.

CASE NO. C22-5509-JCC

ORDER

        This matter comes before the Court on Plaintiff's objections (Dkt. No. 61) to the report and recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge. (Dkt. No. 60.) Having thoroughly considered the party's briefing and the relevant record, the Court hereby ADOPTS the R&R, OVERRULES Plaintiff's objections, and GRANTS summary judgment to Defendant for the reasons explained below.

        Plaintiff Maureen Taylor is a licensed practical nurse formerly employed by Defendant Metropolitan Development Council ("MDC"). (Dkt. No. 1-2 at 2.) In May 2022, she filed this lawsuit alleging claims for breach of the employment contract, retaliation, and wrongful termination. (*Id.* at 5–7.)[1] Defendant moved for summary judgment on all of Plaintiff's claims.

---

[1] The details of the case are discussed in the R&R (Dkt. No. 60), and the Court will not repeat them here.

ORDER
C22-5509-JCC
PAGE - 1

1    (Dkt. No. 50.) Judge Vaughan's resulting R&R recommended that the Court grant Defendant's

2    motion. (Dkt. No. 60 at 33.) Plaintiff objects. (*See generally* Dkt. No. 61.)

3           A district court must conduct a *de novo* review of those portions of a magistrate judge's

4    R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party

5    properly objects when they file "specific written objections" to the R&R as required under Federal

6    Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of arguments

7    previously presented have the same effect as no objection at all, since they do not focus the Court's

8    attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d

9    505, 509 (6th Cir. 1991); *Eggum v. Holbrook*, 467 F. Supp. 3d 968, 975 (W.D. Wash. 2020).

10          To the extent the Court can discern Plaintiff's objections, she argues Judge Vaughan:

11   (1) misapprehended the *McDonnell Douglas* standard for reviewing employment discrimination

12   claims; (2) improperly gave weight to an employee's testimony regarding an alleged incident of

13   unprofessional conduct by Plaintiff;[2] (3) failed to properly consider Plaintiff's declaration and

14   supporting exhibits;[3] (4) did not consider that the six Weingarten meetings with Plaintiff took place

15   when there was no manager of the unit (which, according to Plaintiff, means she had no

16   opportunity to refute allegations against her);[4] and (5) failed to infer pretext and retaliation from

17   _____

18   [2] Plaintiff asserts this was improper because the employee allegedly allowed for deletion of video
     of the incident. (*See* Dkt. No. 61 at 7–8.) The Court notes, however, the existence of multiple
19   pieces of corroborating evidence, including a patience grievance and a report from another
     employee present during the incident. (Dkt. No. 52-1 at 75–94.) And to the extent Plaintiff
20   suggests the video footage would be "exculpatory," this is irrelevant in light of separate,
     undisputed evidence of unprofessional conduct by Plaintiff, as described later in this order.
21
     [3] In raising this objection, Plaintiff points to Judge Vaughan's observation that "Plaintiff relies
22   almost entirely on her declaration to establish a genuine issue of material fact." (Dkt. No. 61 at 8)
     (citing Dkt. No. 60 at 15). Notwithstanding this observation, though, Judge Vaughan went on to
23   consider Plaintiff's declaration in great detail.

24   [4] Plaintiff appears to raise this argument for the first time at the objection stage. "[A]n
     unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never
25   seasonably raised before the magistrate." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir.
     2000) (citations omitted). Even if this Court were to consider this argument, however, Plaintiff's
26   claims fail for the reasons described below.

     ORDER
     C22-5509-JCC
     PAGE - 2

1    the fact that Defendant's notes of Weingarten meetings with Plaintiff were suspiciously missing.[5]

2    (*See* Dkt. No. 61 at 3–15.)

3         Fundamentally, Plaintiff's objections lack merit for the same reason: they fail to raise

4    genuine disputes of *material* fact. Indeed, in moving for summary judgment, Defendant presented

5    overwhelming evidence of patient grievances and staff complaints regarding Plaintiff's

6    disrespectful and unprofessional conduct—much of which Plaintiff either concedes or fails to

7    dispute.[6] Thus, even assuming Plaintiff has established genuine disputes as to *some* evidence, those

8    disputes are irrelevant in light of the remaining, undisputed evidence showing a pattern of

9    actionable conduct. As to Plaintiff's retaliation claim, Judge Vaughan correctly concluded that

10   Plaintiff made a prima facie case, but failed to adequately dispute Defendant's legitimate,

11   nondiscriminatory reasoning with specific and substantial evidence. (Dkt. No. 60 at 22–30.) And

12   in doing so, she applied the correct legal standard for reviewing employment disputes at the

13   summary judgment stage.

14

---

15   [5] The Weingarten meetings were conducted with Plaintiff, MDC's labor dispute specialist, Allen
     Jacobson, and Plaintiff's union representative, Leslie Liddle. (Dkt. No. 60 at 4.) But according to
16   Defendant and Mr. Jacobson's testimony, notes of those meetings could not be produced due to
     Mr. Jacobson's laptop being stolen. (Dkt. No. 66 at 8.) In objecting to the R&R, Plaintiff submits
17   a police report showing the laptop was reported stolen earlier than Mr. Jacobson suggested, and
     before the Weingarten meetings occurred. (*See* Dkt. No. 61-1). This, according to Plaintiff, raises
18   an inference that the notes *are* still available, contrary to Mr. Jacobson's testimony. (Dkt. No. 61
     at 15.) Notably, though, Plaintiff submits this police report for the first time at the objection
19   stage. Therefore, the Court need not consider it. *See Howell*, 231 F.3d at 621 ("[A] district court
     has discretion, but is not required, to consider evidence presented for the first time in a party's
20   objection to a magistrate judge's recommendation.").

21   [6] For example, Plaintiff concedes that she purposely left urine in a utility for a co-worker to clean
     up and directed another employee to leave a medication error in a patient's chart. (Dkt. No. 57-1
22   at 26–27). And as Judge Vaughan aptly noted, it is "indisputable that a large number of patients
     and staff, including two managerial employees, reported Plaintiff's disrespectful behavior and
23   unprofessional conduct." (Dkt. No. 60 at 17) (quoting reports of Plaintiff's "unprofessional,
     demeaning, and triggering behavior" towards patients and the "unprecedented" number of
24   "consistently themed/grievances against a healthcare staff member"). This includes a patient
     complaint alleging Plaintiff had been disrespectful, stating: "I felt belittled [and] she talked to me
25   like an animal [and] not a person." (Dkt. No. 52-1 at 197.)

26

ORDER
C22-5509-JCC
PAGE - 3

1        For the foregoing reasons:

2        (1)      The Court APPROVES and ADOPTS the R&R (Dkt. No. 60).

3        (2)      Plaintiff's objections (Dkt. No. 61) are OVERRULED;

4        (3)      Defendant's motion for summary judgment (Dkt. No. 50) is GRANTED;

5        (4)      Plaintiff's claims are DISMISSED with prejudice; and,

6        (5)      The Clerk is DIRECTED to send copies of this Order to the parties and to Judge

7                 Vaughan.

8        DATED this 7th day of March 2024.

9

10

11

12                                        John C. Coughenour
                                          UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C22-5509-JCC
PAGE - 4